UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS/REHABILITATION, et al.,<br><br>            Defendants. | No. 1:25-cv-000177-KES-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH COURT'S MARCH 3, 2025, SCREENING ORDER<br><br>(ECF No. 16) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 4, 2025. (ECF No. 16.)

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint on February 11, 2025. (ECF No. 1.)

On March 3, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 9.)

1

1       Plaintiff failed to file an amended complaint or otherwise respond to the March 3, 2025

2 order. Therefore, on May 13, 2025, the Court issued an order for Plaintiff to show cause why the

3 action should not be dismissed. (ECF No. 10.) After Plaintiff failed to respond to the order to

4 show cause, the Court issued Findings and Recommendations recommending the action be

5 dismissed. (ECF No. 13.) The Findings and Recommendations were served on Plaintiff and

6 contained notice that objections could be filed within 14 days. (Id. at 11.)

7       On July 3, 2025, Plaintiff filed a response to the order to show cause. (ECF No. 14.)

8 Therein, Plaintiff stated that he has been involuntarily transferred among different prisons and he

9 had been without his legal property. (Id.) Therefore, on July 7, 2025, the Court vacated the

10 Findings and Recommendations and granted Plaintiff thirty days to file an amended complaint in

11 compliance with the Court's March 3, 2025, screening order. (ECF No. 15.)

12       Plaintiff filed a first amended complaint on August 4, 2025. (ECF No. 16.) However, as

13 explained below, Plaintiff's first amended complaint violates Local Rule 220.

## II.

## SCREENING REQUIREMENT

16       The Court is required to screen complaints brought by prisoners seeking relief against a

17 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

18 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

19 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

20 "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

21 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

22       A complaint must contain "a short and plain statement of the claim showing that the

23 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

24 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

25 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

26 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

27 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.

28 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.
### DISCUSSION

Plaintiff's amended complaint fails to comply with Local Rule 220. Local Rule 220 provides, in pertinent part, as follows:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220.

Plaintiff's first amended complaint makes reference to allegations he made in his original complaint, without re-stating the prior allegations in the first amended complaint. (ECF No. 16.) Indeed, on the form complaint under Claims 1 and 2, Plaintiff writes "provided during initial filing." (ECF No. 16 at 3-4.) Plaintiff may not incorporate allegations from his superseded original complaint into his first amended complaint by simply referring to them in the first amended complaint. If Plaintiff wishes to bring the same or similar allegations again, he must re-state those allegations in the new amended complaint. Under Rule 220, the new amended complaint must be "complete in itself without reference to the prior or superseded pleading."

Local Rule 220. Therefore, Plaintiff's first amended complaint violates Rule 220. Because the Court cannot perform its requisite screening of Plaintiff's first amended complaint, Plaintiff shall be granted leave to file a second amended complaint to address this violation.

As stated in the screening order, an amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints). Lastly, the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, (ECF No. 16), violates Local Rule 220 and failure to state a claim for relief;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint, limited to 25 pages in length, curing the deficiencies identified by the court in this order, within thirty (30) days from the date of service of this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:25-cv-00177-KES-SAB-PC; and

///

///

     5.     If Plaintiff fails to file a Second Amended Complaint within thirty days, this case will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**October 23, 2025**__

                                          STANLEY A. BOONE
                                          United States Magistrate Judge