UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. SEAY,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS/REHABILITATION, et al.,<br><br>            Defendants. | No. 1:25-cv-000177-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF Nos. 16, 19) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint on February 11, 2025. (ECF No. 1.)

On March 3, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 9.)

Plaintiff failed to file an amended complaint or otherwise respond to the March 3, 2025 order. Therefore, on May 13, 2025, the Court issued an order for Plaintiff to show cause why the

1

1  action should not be dismissed. (ECF No. 10.) After Plaintiff failed to respond to the order to
2  show cause, the Court issued Findings and Recommendations recommending the action be
3  dismissed. (ECF No. 13.) The Findings and Recommendations were served on Plaintiff and
4  contained notice that objections could be filed within 14 days. (Id. at 11.)
5  On July 3, 2025, Plaintiff filed a response to the order to show cause. (ECF No. 14.)
6  Therein, Plaintiff stated that he has been involuntarily transferred among different prisons and he
7  had been without his legal property. (Id.) Therefore, on July 7, 2025, the Court vacated the
8  Findings and Recommendations and granted Plaintiff thirty days to file an amended complaint in
9  compliance with the Court's March 3, 2025, screening order. (ECF No. 15.)
10  Plaintiff filed a first amended complaint on August 4, 2025. (ECF No. 16.) However, as
11  explained in the Court's October 23, 2025, Plaintiff's first amended complaint violated Local
12  Rule 220, and Plaintiff was granted thirty days to file an amended complaint in compliance with
13  the Court's March 3, 2025, screening order. (ECF No. 19.)
14  On November 13, 2025, Plaintiff filed a notice expressing his intent to not amend the
15  complaint. (ECF No. 19.) Consequently, the operative complaint is Plaintiff's initial complaint,
16  which fails to state a cognizable claim for relief and dismissal is warranted.

## II.

## SCREENING REQUIREMENT

19  The Court is required to screen complaints brought by prisoners seeking relief against a
20  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
22  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
23  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
24  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).
25  A complaint must contain "a short and plain statement of the claim showing that the
26  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
27  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
28  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
2  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
3  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

    Plaintiff was consistently and constantly deprived of meals, clothing, personal property, phone, shower, recreation time, medical treatment, social contact, commissary, care packages, radio, reading books, tablet, television, legal property, and every other necessity to serve a natural life sentence.

    Plaintiff seeks monetary compensation for the denial of his constitutional rights.

## IV.

## DISCUSSION

**A.**    **Exhaustion of Administrative Remedies**

    On the form complaint, Plaintiff acknowledges that there is an inmate remedy process at Kern Valley State Prison (KVSP) and he filed an appeal or grievance regarding all the claims in the complaint.  (ECF No. 1 at 2.)  However, Plaintiff checks the box "no" in response to the question whether the exhaustion process is complete, and states, "The appeal or grievance has not been decided."  (Id.)

///

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v. Churner, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

The California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3485. "Completion of the review process by the Institutional or Regional Office of Grievances resulting in a decision of 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(8) through (g)(10) of [ ] section [3483] does constitute exhaustion of all administrative remedies available to a claimant within the department." Cal. Code Regs. tit. 15, § 3483(l)(2). Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of [ ] section 3485 constitutes exhaustion of all administrative remedies available to a claimant within the department." Cal.

4

1  Code Regs. tit. 15, § 3485(l)(1).

2      In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino, 747 F.3d at 1166.  Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit as he admits the process is not complete and the inmate appeal/grievance has not been decided. Here, from the face of the complaint, it appears Plaintiff failed to exhaust the administrative remedies prior to filing suit.  Thus, if Plaintiff files an amended complaint, he must indicate whether he has exhausted his administrative remedies.  If he has not, he should allege why, if at all, this action should proceed.  See Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005) (If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice).

    **B.**    **CDCR as Defendant**

    "Suits against state officials in their official capacity ... should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original).

    "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an

5

arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against CDCR, the entity, in this action.

### C. Supervisory Liability

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established … by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

"Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207). In other words, to state a claim against any individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and

failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D. Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

With respect to Defendant Warden Pat Horn, supervisory liability is not an independent cause of action under § 1983, and Plaintiff must allege both an underlying constitutional violation and a connection between the supervisor's actions and the violation. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' "), quoting Hansen v. Black, 855 F.2d 642, 646 (9th Cir. 1989); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976).  Plaintiff may not simply attempt to hold a supervisory Defendant liable without any factual allegations regarding their personal involvement in the alleged constitutional violation or a causal connection between their wrongful conduct and the violation.  Further, simply stating (without factual support) that these supervisor individuals knew or should have known of the alleged misconduct based on prior complaints or written letters is likewise insufficient to state a cognizable claim for relief.  See, e.g., Rivera v. Fischer, 655 F.Supp.2d 235, 238 (W.D.N.Y.2009) ("Numerous courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a § 1983 claim.") (quoting Candelaria v. Higley, No. 04–CV–277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008) (gathering cases)); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) (prison official who received inmate's letter but forwarded it to subordinate for investigation and response was not personally involved in depriving inmate of constitutional right); Jones v. Fischer, No. 9:11–cv–774 (GLS/CFH), 2013 WL 4039377, at *10 (N.D.N.Y. Aug. 7, 2013) ("receipt of a letter or grievance, without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement"); Smart v.

Goord, 441 F.Supp.2d 631, 642–643 (S.D.N.Y.2006) (failure of supervisory prison official to take action in response to letters complaining of unconstitutional conduct is insufficient to demonstrate personal involvement).  Accordingly, Plaintiff fails to state a cognizable claim against Warden Pat Horn.

### D.     Linkage Requirement

Section 1983 of the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Although Plaintiff names certain individual Defendants in the caption of the complaint, he does not link them to any affirmative act or omission giving rise to his alleged constitutional violations.

### E.     Conditions of Confinement

Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted). Conditions of confinement in combination may have a "mutually enforcing effect" that deprives a single identifiable human need such as food, warmth, or exercise, but "[a]morphous overall conditions cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need

exists." Brown v. Bueno, No. 1:17-cv-01295-LJO-SKO (PC), 2018 WL 6068513, at *3 (E.D. Cal. Nov. 20, 2018) (citing and quoting Wilson v. Seiter, 501 U.S. 294, 304-05 (1991) (internal quotation marks omitted)).

Here, Plaintiff fails to link any individual Defendant to a specific alleged unconstitutional condition or that such condition was an extreme deprivation (e.g., allegations meals, clothing, personal property, etc.). Nor are there any facts setting forth the duration to which Plaintiff experienced such condition. In addition, Plaintiff fails to allege facts to demonstrate that any individual acted with deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## V.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge

9